﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 190731-72833
DATE: June 30, 2020

ORDER

Service connection for a traumatic brain injury (TBI) is granted.

REMANDED

Entitlement to service connection for tinnitus is remanded.

Entitlement to service connection for a bilateral hearing loss disability is denied.

FINDING OF FACT

In a February 2006 rating decision, the RO awarded service connection for “laceration to scalp (claimed as head injury).” Therefore, service connection for a TBI has already implicitly been awarded.

CONCLUSION OF LAW

The criteria for entitlement to service connection for a TBI have been met. 38 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran, who is the appellant in this case, served on active duty from August 1979 to April 1985. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2019 decision of a Department of Veterans Affairs (VA) Regional Office (RO). In July 2019, the Veteran timely selected direct review by the Board and this appeal ensued. 

In the May 2019 rating decision on appeal, the RO reopened and readjudicated the previously denied claims for service connection for tinnitus, a bilateral hearing loss disability, and a TBI. When the Agency of Original Jurisdiction (AOJ) reopens a previously denied claim under the Appeals Modernization Act framework, as applicable here, the Board is bound by this favorable finding and is not required to make an independent determination as to whether the previously denied claim should be reopened before addressing the merits of the underlying claim. See 38 C.F.R. § 20.801. Accordingly, no further analysis is necessary regarding whether the claims warrant reopening. See AMA, Pub. L. No. 115-55 

§ 5104A, 131 Stat. 1105, 1106-07.

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016).

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease incurred in service. 38 C.F.R. § 3.303(d).

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency of evidence differs from weight and credibility. Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994). 

When considering whether lay evidence is competent, the Board must determine, on a case-by-case basis, whether a veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). A veteran is competent to report symptoms because this requires only personal knowledge, not medical expertise, as it comes to him through his senses. See Layno, 6 Vet. App. 465, 469. Lay testimony is competent to establish the presence of observable symptomatology, where the determination is not medical in nature and is capable of lay observation. Barr v. Nicholson, 21 Vet. App. 303 (2007). Lay evidence may establish a diagnosis of a simple medical condition, a contemporaneous medical diagnosis, or symptoms that later support a diagnosis by a medical professional. Jandreau, 492 F.3d 1372, 1377.

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with a veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

1. Entitlement to service connection for a TBI.

The Veteran contends that he suffered a TBI during service, and currently experiences residual symptoms of the in-service TBI. Specifically, he reported that he was stuck by a manual traversing handle while operating a tank during service in 1983, which caused a head laceration. 

In a February 2006 decision, the RO awarded service connection for “laceration to scalp (claimed as head injury),” as reflected on the rating code sheet. 

Based on the February 2006 rating decision and the findings therein, the Board finds that service connection for a TBI has already been granted. The RO’s findings are clear that the Veteran has a scar as a result of a TBI/head trauma in service and that was the basis for the award of service connection. Therefore, the award of service connection for a TBI has already been implicitly granted by the award of service connection for a laceration to scalp (claimed as head injury). See Baughman v. Derwinski, 1 Vet. App. 563, 566 (1991) (listing a condition on a rating decision as part of a service connected disability has the effect of granting service connection).

For these reasons, the Board will explicitly award service connection for a TBI, in order to avoid any further confusion in this matter. See 38 C.F.R. §§ 3.102, 3.303.

REASONS FOR REMAND

3. Entitlement to service connection for tinnitus is remanded.

Once VA undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, it must provide an adequate one. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

In August 2018, the Veteran was afforded a VA examination. The VA examiner opined that the Veteran’s current tinnitus is less likely than not related to or caused by service. The VA examiner noted that the Veteran reported that he had experienced ringing in the ears for over 25 years. The VA examiner stated that the current medical literature does not support late onset noise-induced tinnitus. The VA examiner further explained that this negative etiology opinion was based on the absence of any service treatment records reflecting complaints of tinnitus, including at separation, and that there were no complaints of tinnitus at any time until the time of the claim. 

However, contrary to the August 2018 VA examiner’s statement, the record reflects numerous complaints of tinnitus which were made before the claim was filed in October 2008. A May 2000 VA audiology consultation note indicated that the Veteran complained of intermittent tinnitus and reported in-service noise exposure to tanks, as well as post-service exposure while working construction. An October 2002 VA audiology note shows report of occasional ringing tinnitus, bilaterally, and that the Veteran reported noise exposure to tanks during service, and post-service noise exposure while working on oil rigs. At the time, the Veteran’s degree of hearing loss did not meet the criteria for issuance of hearing aids. A May 2004 VA audiology note reflected reports of constant, bilateral tinnitus and noise exposure from tanks during service. A November 2004 VA substance abuse discharge note shows complaint of ringing in the ears and some degree of hearing loss in both ears. A December 2008 VA interdisciplinary treatment note shows complaint of hearing a high pitch in the ears.

Accordingly, the August 2018 VA examiner’s nexus opinion is inadequate because the examiner stated that her opinion was based, in part, on a finding that the Veteran did not report experiencing tinnitus until after he filed a claim for service-connection, which is factually incorrect. The Board finds that this constitutes a pre-decisional duty to assist error for which a remand is necessary to obtain an addendum medical opinion from an appropriate examiner. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate). 

4. Entitlement to service connection for a bilateral hearing loss disability is remanded.

During the August 2018 VA examination, the examiner opined that the Veteran’s current bilateral hearing loss is not at least as likely as not related to or caused by service. The VA examiner explained that there was normal hearing on separation with thresholds too low for any permanent significant shift in hearing thresholds to have occurred from entrance and there was no evidence of permanent auditory damage on active duty. There was also no report of decreased hearing in the claims file or at separation. The VA examiner concluded that although noise exposure is conceded and the relationship between noise, auditory damage and hearing loss is well documented, auditory damage and hearing loss are not conceded on noise alone therefore a nexus is not established.

Nonetheless, the Board finds this opinion inadequate because it was improperly based on a lack of medical evidence of hearing loss in service and without consideration of the Veteran’s lay reports. See Dalton v. Nicholson, 21 Vet. App. 23 (2007) (wherein the Court determined an examination was inadequate because the examiner did not comment on the Veteran's report of in-service injury and, instead, relied on the absence of evidence in his service treatment records to provide a negative opinion). Indeed, VA regulations do not preclude service connection for a hearing loss which first met VA’s definition of disability after service. Hensley v. Brown, 5 Vet. App. 155, 159 (1993). 

For these reasons, remand is warranted to obtain an addendum medical opinion.

The matter is REMANDED for the following action:

1. Refer the case to the VA examiner who conducted the August 2018 VA examination (or a suitable substitute) for addendum opinions as to the etiology of the Veteran’s tinnitus and bilateral hearing loss disability. as to the etiology of the Veteran's right ear hearing loss. 

The entire claims file, including a copy of this Remand, should be made available to, and be reviewed by, the VA examiner. Another examination is not required; however, if the VA examiner indicates that he cannot respond to the Board's questions without examination of the Veteran, another examination should be afforded to the Veteran.

**IF an in-person examination is deemed necessary and is not feasible given the circumstances surrounding the recent pandemic, attempt to obtain the necessary medical information and opinions through other means, such as scheduling the Veteran for a virtual interview or telephone conversation with a VA examiner. 

After a complete review of the record, the examiner is asked to: 

a. Provide an opinion as to whether the Veteran’s current tinnitus is at least as likely as not (i.e., 50 percent or greater probability) related to, or caused by, in-service acoustic trauma. 

**In doing so, the examiner should address the Veteran’s numerous complaints of tinnitus since he left service, including his complaints of tinnitus made in May 2000 as well as his report at the August 2018 VA examination that he had experienced tinnitus for greater than 25 years. 

b. Provide an opinion as to whether it is at least as likely as not (i.e., 50 percent or greater probability) that the Veteran's current bilateral hearing loss disability is related to, or caused by, in-service acoustic trauma.

**In doing so, the examiner should specifically comment on the significance, if any, of the Veteran’s credible lay reports of noise exposure to tanks during service and post-service noise exposure while working on oil rigs, and the October 1982 audiogram report documenting threshold shifts during service.

2. Then, readjudicate the remaining issues on appeal.

 

Megan R. Thomas

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. KAYS HUKILL

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.